IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENTROTT FAMILY PROPERTIES, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a foreign insurance company,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

Comes now the Plaintiff, Bentrott Family Properties, LLC ("Bentrott"), and pleads, alleges, and claims as follows:

### I.  THE PARTIES

1.1 Plaintiff Bentrott Family Properties, LLC is a Washington limited liability company with a registered address in Seattle, Washington.

1.2 Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost") on information and belief is a foreign insurance company domiciled in the state of Michigan, having a registered address and mailing address in Caledonia, Michigan.  Defendant Foremost is legally

COMPLAINT - 1

authorized to engage in the business of insurance in the state of Washington.

## II. JURISDICTION AND VENUE

2.1 **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, and there is complete diversity because the plaintiff is a business entity organized and existing under the laws of the state of Washington, which also is plaintiff's principal place of business, and defendant is a foreign insurance company domiciled in the state of Michigan.

2.2 **Venue.** Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Washington, principally in Mason County, Washington, where the property at issue also is located.

## III. STATEMENT OF FACTS

**A.     The Foremost Policy at Issue.**

3.1 Bentrott paid a premium to Foremost for a policy of insurance on its manufactured home for the policy period March 22, 2021, through March 22, 2022, and bearing policy number 103-0926331976-21 ("the Policy").

3.2 The Policy identifies the insured property as a 1979 28' x 66' manufactured home manufactured by Glenn Rivers with serial number C1129X428, located at 9151 NE North Shore Rd., Belfair, WA 98528.

3.3 The Policy provides both property and liability coverage. The Policy is an "all-risk" policy insuring risk of direct, sudden and accidental loss to the insured property unless otherwise excluded.

**B.     Bentrott's Loss.**

COMPLAINT - 2

3.4     The insured property is a single building double-wide manufactured home, manufactured by Glen Rivers in 1979.

3.5     The insured property is located on the shores of Hood Canal, Washington, and has been in the Bentrott family for many years as a vacation home. After the death of the family matriarch, the property was transferred to plaintiff Bentrott Family Properties, LLC.

3.6     On or about May 14, 2021, severe water damage was discovered inside the insured property by a visiting family member.

3.7     Inspection by a local plumbing company determined water had escaped from a broken supply line the refrigerator/freezer in the insured property and had spread through several rooms, causing severe water damage to the floors, walls, and insulation, among other things.

3.8     The loss was duly reported to Foremost, which assigned the loss Claim #7002890308-1.

3.9     On June 1, 2021, Servpro of Kitsap County provided a "rough estimate" for mitigation at the insured dwelling, which was sent directly to Foremost, which contracted with Servpro to perform the work and paid Servpro directly.

3.10    In early to mid-June 2021, Servpro started work removing building materials that were too water-damaged to salvage and also to dry out the insured dwelling before developing a remediation/repair estimate.

3.11    It was soon discovered that asbestos was included in some of the original construction materials incorporated in the insured dwelling and that the flooding event caused the release of asbestos from the building materials into the dwelling.

3.12    After the discovery of asbestos contamination, Foremost claims representatives prepared repair estimates which excluded the cost of remediation or repair associated with the release of asbestos in the insured dwelling based on a policy exclusion of coverage for pollution.

COMPLAINT - 3

3.13   On information and belief, the extreme soaking and resulting breakdown of original building materials containing asbestos was the efficient proximate cause of asbestos being released into the insured dwelling.

3.14   Under the efficient proximate cause rule as applied in Washington, the pollution exclusion in the Policy does not apply.

3.15   On information and belief, Foremost never considered whether the water flooding event was the efficient proximate cause of the asbestos release and contamination.   Foremost never informed Bentrott that it had performed an efficient proximate cause analysis prior to asserting the exclusion applied.

3.16   Bentrott obtained multiple estimates to fully remediate the asbestos contamination in the insured property.

3.17   In September 2021, an estimate was obtained from Thermatech NorthWest, Inc. for asbestos abatement totaling almost $60,000.

3.18   Had Foremost not wrongfully omitted asbestos remediation from the covered cost of remediation and repair, the covered loss likely would have exceeded the policy limit on the insured dwelling.

3.19   The combined cost of remediation and repair to the insured property for both the water damage and resulting asbestos contamination shows the insured dwelling was damaged beyond reasonable repair in light of the coverage limit on the insured dwelling.

3.20   On information and belief, Foremost wrongfully asserted the pollution exclusion in the Policy to avoid finding the insured dwelling was damaged beyond reasonable repair and declaring the dwelling a total loss under the Policy.

3.21   Bentrott has been obliged to incur damages in the form of pre-litigation attorney's fees and costs in attempts to resolve the coverage issues with Foremost without resort to litigation.

Those efforts failed, obliging Bentrott to file the present suit to obtain the full benefits of the Policy issued by Foremost.

## IV.   CAUSES OF ACTION

**A.   FIRST CLAIM:  DECLARATORY JUDGMENT**

4.1   The allegations of paragraphs 1.1 through 3.21 are incorporated by reference, as if fully set forth herein.

4.2   A real and justiciable controversy exists over the coverage provided by the Policy issued by Foremost to Bentrott.  The controversy existing between Bentrott and Foremost exists as to: (1) whether coverage exists for the total replacement cost of the property at issue, and (2) whether Foremost is required to reimburse Bentrott for all other costs reasonably incurred and attributable to the flooding event on or about May 14, 2021, regardless of a pollution exclusion in the Policy asserted by Foremost.

4.3   Pursuant to RCW 7.24 et seq. and 28 U.S.C. § 2201, Bentrott is entitled to a declaration by this Court of its rights under the Policy, including that coverage exists under the terms of the Policy for full replacement cost for the property at issue as a total loss and that those costs should be paid in accordance with the provisions of the Policy.

**B.   SECOND CLAIM: BREACH OF CONTRACT**

4.4   The allegations of paragraphs 1.1 through 4.3 are incorporated by reference, as if fully set forth herein.

4.5   Foremost breached the contract of insurance at issue by failing or refusing to pay or reimburse Bentrott for the full costs incurred as a result of the flooding event on or about May 14, 2021.

4.6   As a direct and proximate result of Foremost's breach of the insurance contract, Bentrott has been deprived of the benefits of its insurance coverage under the Policy.  Bentrott is entitled

COMPLAINT - 5

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA  98119
Phone: (206) 228-2214

to a money judgment against Foremost for the full loss proximately caused by the flooding event on or about May 14, 2021, in including, but not limited to the total loss of the insured property at issue, and all other damages and reimbursements to which Bentrott is entitled under the provisions of the Policy.

4.7     As another direct and proximate result of Foremost's breach of the Policy, Bentrott has been forced to incur attorneys' fees and other expenses to obtain some pre-litigation benefits of the policy and is entitled to reimbursement of these fees and expenses as breach of contract damages in this cause under *Coventry Associates v. American States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998).

4.8     Similarly, Bentrott has been forced to incur attorneys' fees and other expenses to prosecute this action, and is entitled to reimbursement of these fees and expenses in accordance with the principles announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 11 P.2d 673 (1991), and its progeny.

C.     **THIRD CLAIM: INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

4.9     The allegations of paragraphs 1.1 through 4.8 are incorporated by reference, as if fully set forth herein.

4.10    Foremost owes Bentrott a duty of good faith and fair dealing. Pursuant to that duty, Bentrott is obliged to refrain from taking any action in claims handling that is unreasonable or unfounded. Foremost is likewise required to deal fairly with Bentrott and give equal consideration to (and not put its own interests ahead of) Bentrott's financial interests.

4.11    Foremost breached its duty of good faith and fair dealing by unreasonably failing or refusing to pay or fully reimburse Bentrott for the water loss where principles of policy construction, statutes, and governing case law dictate that Foremost's coverage position is

**COMPLAINT - 6**

incorrect.

4.12   As a direct and proximate result of Foremost's breach of the covenant of good faith and fair dealing, Bentrott has suffered damages in an amount to be proven at trial.

**D.   FOURTH CLAIM: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86)**

4.13   The allegations of paragraphs 1.1 through 4.12 are incorporated by reference, as if fully set forth herein.

4.14   Foremost has violated WAC 284-30, *et seq.*, by:

   (a)   Misrepresenting pertinent facts or insurance policy provisions in violation of WAC 284-30-330(1) and WAC 284-30-350;

   (b)   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies in violation of WAC 284-30-330(2);

   (c)   Refusing to pay Bentrott's claim in full without conducting a reasonable investigation in violation of WAC 284-30-330(4);

   (d)   Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings in violation of WAC 284-30-330(7);

   (e)   Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement in violation of WAC 284-30-330(13); and

   (f)   Failing to complete a reasonable investigation of Bentrott's claims within a reasonable time in violation WAC 284-30-370.

4.15   Violation of one provision of WAC 284-30, *et seq.*, is a violation of the WCPA entitling

**COMPLAINT - 7**

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA  98119
Phone: (206) 228-2214

Bentrott to actual damages and exemplary damages as set forth in the WCPA for each violation, along with attorneys' fees and costs.

E. **RESERVATION AS TO VIOLATION OF WASHINGTON'S INSURANCE FAIR CONDUCT ACT (RCW 48.30.015) (IFCA)**

4.16    Plaintiff specifically reserves a claim that Foremost has violated the Washington Insurance Fair Conduct Act, RCW 48.30.015, by unreasonably denying their claims for benefits, i.e., defense and indemnity, under the Policy. The Plaintiff provided the required statutory notice to Foremost under RCW 48.30.015(8), requesting resolution of its claims, and reserves the right to assert an IFCA claim if the claim is not resolved within the statutory period.

## V.   PRAYER FOR RELIEF

THEREFORE, having pleaded its claims against defendant Foremost, Bentrott requests the Court grant the following relief:

A.    That this Court declare and decree that coverage exists for the costs in dispute under the terms of the Policy issued by Foremost;

B.    That this Court declare and decree that Foremost breached the Policy by failing to fully pay or reimburse Bentrott for the loss and costs proximately caused by the water loss on May 14, 2021;

C.    That this Court declare and decree that Foremost breached the covenant of good faith and fair dealing and violated the Washington Administrative Code 284-30, *et seq.*, which constitutes a violation of Washington's Consumer Protection Act;

D.    That this Court declare and decree that Foremost violated the Insurance Fair Conduct Act;

COMPLAINT - 8

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA  98119
Phone: (206) 228-2214

  E. That this Court award Bentrott its actual damages incurred for Foremost's breaches of the Policy, common law insurance bad faith, and violations of the Washington Consumer Protection Act;

  F. That this Court award Bentrott treble its actual damages up to $25,000 for each violation of the WCPA;

  G. That this Court award Bentrott its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), the WCPA, and IFCA; and

  H. For such further relief as the Court deems just, proper, and equitable.

Dated this  6th  day of May, 2022.

                **STOLLE LAW GROUP, P.S.**

                By:  /s/ Steven A. Stolle
                  Steven A. Stolle, WSBA No. 30807
                  321 First Avenue West
                  Seattle, Washington 98119
                  Telephone: (206) 228-2214
                  Email: sstolle@stollelawgroup.com
                  *Attorneys for Bentrott Family Properties, LLC*